UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA Y. MONCADA RODRIGUEZ,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

CASE NO. 2:26-cv-02076-TL

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Jessica Moncada Rodriguez's Petition for Writ of Habeas Corpus. Dkt. No. 1. Respondents are Julio Hernandez, Seattle Field Director, Enforcement and Removal Operations ("ERO"), United States Immigration and Customs Enforcement ("ICE"); Bruce Scott, Warden, Northwest ICE Processing Center ("NWIPC"); Markwayne Mullin, Secretary, United States Department of Homeland Security ("DHS"); United States Department of Homeland Security; Todd Blanche, Acting Attorney General of the United

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 1

States (collectively, "Respondents"[1]). Petitioner, who is presently detained at NWIPC (*id.* ¶ 2), seeks her immediate release (*id.* at 24). Having reviewed the Petition, Respondents' Return (Dkt. No. 4), Petitioner's Traverse (Dkt. No. 7), and the relevant record, the Court GRANTS IN PART the Petition and ORDERS Petitioner's immediate release.

## I.    BACKGROUND

**A.    Petitioner's Personal and Immigration Case History**

Petitioner is a citizen of Mexico who has lived in the United States for ten years. Dkt. No. 1 ¶¶ 15, 22. Petitioner first entered the United States on April 14, 2016, at the Otay Mesa, California, Port of Entry with a B-2 visitor visa card. *Id.* ¶ 22; Dkt. No. 1-5 (Form I-213) at 6. On October 13, 2016, Petitioner's visa expired, but she remained in the United States. Dkt. No. 6 (Truong Decl.) ¶ 4.[2]

Prior to her detention, Petitioner lived in Portland, Oregon, for ten years, most recently with her partner and her two minor children.[3] Dkt. No. 1 ¶ 23. For the past six years, Petitioner held consistent employment at a restaurant in Gresham, Oregon. *Id.* On December 17, 2025, ICE officers detained Petitioner at her place of employment. Dkt. No. 1 ¶ 24; Dkt. No. 1-5 at 6. That same day, DHS issued Petitioner a Notice to Appear ("NTA") in removal proceedings, charging her as removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States beyond the time permitted after her admission as a nonimmigrant. Dkt. No. 1 ¶ 25; Dkt. No. 1-4 (2025 NTA)

---

[1] As used in this order, the term "Respondents" does not include Respondent Scott. Respondent Scott has not responded to the habeas petition and has not appeared in this case.

[2] Some of the facts recounted here are based on the declaration of Deportation Officer Nhat Truong (who does not claim to have firsthand personal knowledge of most of the facts he reports), or on hearsay contained within narrative portions of documents in Petitioner's immigration record. The Court makes no findings as to whether these are true and correct statements of fact but does note that they appear to be uncontested by the Parties.

[3] Petitioner has one additional child, a 20-year-old son who lives in Mexico. Dkt. No. 1-2 ¶ 2.

at 53. Shortly after, Petitioner was transferred to the NWIPC where she has been detained ever since. Dkt. No. 1 ¶ 26.

**B.      Factual Background of Petitioner's Immigration Proceedings**

After her detainment, Petitioner hired counsel and filed an application for asylum and requested a custody re-determination hearing. Dkt. No. 1 ¶¶ 27–28. In support of her arguments for why she should be released on bond, Petitioner submitted evidence to the immigration judge ("IJ") of her ties to the United States, including: her nine-year-old daughter's U.S. birth certificate; five letters of support attesting to her community ties, character, work ethic, and care for her children; proof of a stable residence; proof of employment; and copies of her U.S. citizen sponsor's latest tax returns. *Id*. ¶ 29. In opposition to Petitioner's motion, DHS submitted a copy of Petitioner's Form I-213, which indicated, among other things, that: Petitioner had no criminal history; Petitioner "voluntarily identified herself" when ICE officers approached her; and Petitioner complied with officers' commands without incident[]." *See* Dkt. No. 1-5 (DHS Notice of Evidence: I-213) at 6.

On March 11, 2026, Petitioner's bond motion was heard in front of IJ Tammy Fitting. Dkt. No. 1-6 (Bond Order of IJ). The IJ denied Petitioner's request for bond, determining that Petitioner was a flight risk. *Id*. The IJ's order checked off the box for "flight risk" but does not contain any additional analysis as to how the IJ reached the determination. *See id*. Petitioner reserved her appeal but, on the advice of her former counsel, did not file an appeal, as she was advised that the Board of Immigration Appeals ("BIA") would not decide the appeal until well after her underlying removal proceedings had concluded. Dkt. No. 1-2 (Moncada Rodriguez Decl.) ¶ 7.

On April 24, 2026, IJ Joseph Andelin granted Petitioner's motion to dismiss, finding that "[t]he allegations in the NTA are facially invalid." Dkt. No. 1-8 (Dismissal Order of IJ) at 121.

On April 25, 2026, DHS moved for reconsideration of the dismissal order and included a corrected NTA with a new date of issuance. The IJ granted DHS's motion and scheduled a merits hearing on Petitioner's asylum claim for May 15, 2026. Dkt. No. 1 ¶ 34; Dkt. No. 1-8 at 124.

On May 11, 2026, Petitioner filed a second motion for bond and custody redetermination, arguing that her circumstances had changed because, inter alia, the new NTA meant Petitioner was eligible for an additional form of relief—cancellation of removal for nonpermanent residents—and that she had evidence demonstrating her eligibility for an additional form of relief, a U visa. *See* Dkt. No. 1 ¶ 35; Dkt. No. 1-7 (Second Motion for Bond and Custody Redetermination) at 9–12. On May 12, 2026, IJ Fitting denied Petitioner's motion, stating in her order:

> There are no materially changed circumstances. 8 CFR 1003.19(e). The respondent is ineligible for cancellation of removal because dismissal of the proceeding was reconsidered. Respondent violated her immigration status by overstaying her visa. Respondent is applying for asylum and is subject to the one-year issue. The U visa is speculative and can be applied for outside of the United States.

Dkt. No. 1-9 (Bond Reconsideration Order of IJ) at 2. On May 15, 2026, an IJ denied Petitioner's asylum application, which Petitioner asserts she intends to appeal. Dkt. No. 1 ¶ 38. On May 20, 2026, IJ Andelin denied Petitioner's applications for relief and ordered her removal to Mexico. Dkt. No. 5-5 (Removal Order of IJ) at 4. On June 18, 2026, Petitioner filed an appeal of the removal order, which remains pending. Dkt. No. 6 ¶ 14.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief, *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir.

2004)—that is, that they are "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c).

### III.    DISCUSSION

**A.    Jurisdiction**

In general, the Court does not have jurisdiction to review discretionary bond decisions. Specifically, 8 U.S.C. § 1226(e) states, "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." However, Section 1226(e) does not "preclude 'habeas jurisdiction over constitutional claims or questions of law.'" *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). As such, "a district court has jurisdiction to review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash.  2026) (alteration in original) (quoting *Kharis v. Sessions*, Case No. C18-4800, 2018 WL 5809432 *4 (N.D. Cal. Nov. 6, 2018) (collecting cases)). "Claims of constitutional injury, such as procedural due process violations[,] are . . . reviewable by a district court." *Loya Medina v. Hernandez*, No. C26-772, 2026 WL 1260848, at *5 (W.D. Wash. May 7, 2026). "Under an abuse of discretion standard, '[a reviewing court] cannot reweigh evidence but can only determine whether the BIA applied the correct legal standard.'" *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (citation modified) (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)).

Petitioner argues that the IJ abused her discretion and violated Petitioner's due process rights by not considering the evidence Petitioner presented in her request for bond. Dkt. No. 1 ¶ 51. Therefore, Petitioner's claims fall squarely within the Court's jurisdiction, because she

challenges the legality of her immigration bond proceeding and the resulting detention. *See Loya Medina*, 2026 WL 1260848, at *5.

**B.      Administrative Exhaustion**

The Ninth Circuit has required, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006) "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez*, 872 F.3d at 988. Courts in the Ninth Circuit consider the *Puga* factors when determining if prudential exhaustion is required, which include whether:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Even if the *Puga* factors establish that administrative exhaustion is required, a court may waive the exhaustion requirement if a petitioner demonstrates that one of the following *Laing* factors applies. These factors include: (1) "administrative remedies are inadequate or not efficacious," (2) "pursuit of administrative remedies would be a futile gesture," (3) "irreparable injury will result," or (4) "the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

In the instant matter, the Court waives the administrative exhaustion requirement, because Petitioner will face irreparable injury if she were to follow Respondents' suggestion and

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 6

"file an untimely appeal . . . alongside a motion to accept late filing based on the ineffective assistance of counsel" (Dkt. No. 4 at 7). If Petitioner were to take this two-step approach of: (1) requesting that the BIA accept her late filing, and then, should the BIA accept the late filing; (2) wait for the BIA decision as to the IJ's bond decision, Petitioner would inevitably face the well-known lengthy BIA review. *See Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1100 (W.D. Wash. 2026) (finding that statistics from 2026 show that the BIA appeal process is currently "substantially longer" than it was in 2024, when exhausting an administrative appeal required more than six months). Such an exhaustion will result in irreparable injury, because Petitioner will remain in detention during this six-plus-month period, unable to work and make a living, while her minor child remains in the community without her mother to help support her financially and emotionally. *See, e.g. Loya Medina*, 2026 WL 1260848, at *6 (waiving prudential exhaustion requirement due to irreparable injury in part because "Petitioner's continued detention while awaiting agency review of her claims disrupts her ability to provide financial support and maintain the stability of her household, including care for her husband and children."); *Vasquez Lopez*, 830 F. Supp. 3d at 1101 (waiving prudential exhaustion requirement due to irreparable injury because of "health and family care reasons"); *Soriano*, 830 F. Supp. 3d at 1079 (waiving prudential exhaustion requirement due to irreparable injury because "Petitioner has dependents who rely on him financially and emotionally, and that relationship is severely negatively impacted by his continued detention."). Therefore, Petitioner has met her burden of demonstrating that irreparable injury will result if she were required to go through the BIA appeals process. These same facts also support a finding that administrative remedies are not efficacious.

Therefore, the Court waives the administrative exhaustion requirement.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 7

## C.    Petitioner's Bond Denial Violated Due Process

### 1.    Standard of Review of IJ Bond Determination

A habeas court's review of an IJ's bond determination is for abuse of discretion. *Martinez*, 124 F.4th at 784 (9th Cir. 2024). When reviewing a determination for abuse of discretion, a court cannot reweigh evidence, but it can determine whether the IJ applied the correct legal standard, such as dangerousness or risk of flight. *Id.* at 785; *Corona Saldana v. Scott*, No. C26-1347, 2026 WL 1533019, at *5 (W.D. Wash. June 1, 2026) ("a district court may review a habeas challenge to an IJ's application of a legal standard—such as dangerousness or risk of flight—to determine whether an IJ correctly applied the legal standard to a given set of facts.") (citation modified). When determining whether a noncitizen is a danger to the community or risk of flight, an IJ weighs nine factors, pursuant to BIA precedent. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *see also Martinez*, 124 F.4th at 783. "These factors may include any or all of the following:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. at 40. "Bond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case." *Soto Gimenez v. Hernandez*, No. C26-966, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026).

**2.      The IJ Abused Discretion in Denying Petitioner Bond**

As a preliminary matter, neither Party states which legal standard the IJ should have applied. Therefore, for the purposes of Petitioner's May 12, 2026, bond hearing only, the Court assumes that the IJ applied the preponderance-of-the-evidence standard to determine whether Petitioner posed a danger to the community or was likely to abscond if released. In addition, because the decision was issued through a checkbox order without any further analysis that is available, "the question is whether the evidence that the IJ relied on at the bond hearing could— as a matter of law—establish that [Petitioner] posed a flight risk" and a danger. *W.T.M. v. Bondi*, No. C25-2428, 2026 WL 262583, at *4 (W.D. Wash. Jan. 30, 2026) (alteration in original) (quoting *Garcia v. Hyde*, No. C25-585, 2025 WL 3466312, at *7 (D.R.I. Dec. 3, 2025)).

Petitioner argues that the IJ abused her discretion and violated Petitioner's due process rights because "the bond factors 'unequivocally contradict[] the immigration judge's flight-risk finding.'" Dkt. No. 1 ¶ 54 (citation omitted). In response, Respondents argue that the IJ had "extremely broad discretion" in deciding whether to release Petitioner, and that the Court should give deference to the IJ's finding. Dkt. No. 4 at 9–10. Here, the Court cannot do so; the record shows that the IJ abused her discretion by misapplying the legal standard to the set of facts presented to her.[4]

At Petitioner's March 11, 2026, bond hearing (on which the IJ necessarily relied in the May 12, 2026, redetermination in which she cited there were "no materially changed circumstances," Dkt. No. 5-4 at 2), the facts before the IJ were as follows: (1) Petitioner had resided in the United States for over a decade (Dkt. No. 1-5 at 5); (2) Petitioner had a fixed

---

[4] Regardless of the fact that an IJ may issue their determination through a checkbox order that does not articulate the basis for the decision or reflect how the governing legal standards are applied to the facts of a petitioner's case, this Court has before the complete record of filings made to the immigration court in relation to the bond hearing. See Dkt. Nos. 1-4, 1-5.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 9

address in the Portland area—a residence where she had lived for several years (*see* Dkt. No. 1-4 (Bond Hearing Evidence) at 9, 13); (3) Petitioner is the mother of three children, one of whom is a nine-year-old U.S. citizen (Dkt. No. 1-4 at 38–39); (4) Petitioner was employed at a restaurant (*see id*. at 45–48); (5) Petitioner had entered the United States lawfully with B-2 visitor visa card and overstayed her visa (*see id*. at 53); (6) Petitioner did not resist or flee from the officer who detained her, instead cooperating, volunteering her name, and complying with their "commands without incident[]" (*see* Dkt. No. 1-5 at 6); (7) Petitioner had no criminal history (*see id*. at 6); (8) Petitioner had a pending asylum application (*see* Dkt. No. 1-4 at 50); and (9) Petitioner presented letters of support from her partner's family members, including a tax-paying, U.S. citizen sponsor, (*see id*. at 38–43). Petitioner asserts the IJ was notified that Petitioner had no record of missed court hearings (Dkt. No. 7 at 10), and Respondents make no assertions to the contrary (*see generally* Dkt. No. 4). "Even in the absence of a contemporaneous record of Petitioner's bond hearing, . . . it is clear from the existing record in this case that the IJ's bond denial was constitutionally deficient, because there are no circumstances in which the IJ could plausibly establish that Petitioner posed a flight risk" or a danger. *W.T.M.*, 2026 WL 262583, at *4 (citing *Garcia*, 2025 WL 3466312, at *7). Several courts in this District have found that where a Petitioner has a minor child who is a citizen of the United States, other family members in the area, steady employment, and community connections, they are not a flight risk. *See Vasquez Lopez*, 830 F. Supp. 3d at 1101; *Soriano*, 830 F. Supp. 3d at 1081 (long-term resident of United States with deep family ties not a flight risk); *Loya Medina*, 2026 WL 1260848, at *7 (similar); *Garcia Miranda v. Hernandez*, No. C26-906, 2026 WL 1328227, at *3–4 (W.D. Wash. May 13, 2026) (similar); *Padilla Paz v. Hernandez*, No. C26-1394, 2026 WL 1413096, at *7–8 (W.D. Wash. May 15, 2026) (similar); *Valdez-Reyes v. Scott*, No. C26-1251, 2026 WL 1361635, at *3 (W.D. Wash. May 15, 2026) (similar). The IJ simply could not, as a matter of law, have

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 10

properly found that the preponderance of the evidence showed that Petitioner was a flight risk. Indeed—"no matter where the burden was placed—no reasonable fact finder could review the record before the immigration judge" and reach the conclusions that she did. *Haidari v. Scott*, No. C26-1655, 2026 WL 1628663, at *3 (W.D. Wash. June 5, 2026).

The IJ's decision at Petitioner's redetermination hearing fares no better. In that order, the IJ made no mention of Petitioner being a flight risk (again, only stating that there were "no materially changed circumstances" (Dkt. No. 5-4 at 2)), offered minimal analysis behind her belief that Petitioner had weak forms of relief, and expressed that Petitioner "violated her immigration status by overstaying her visa." *See* Dkt. No. 5-4 (Denial of Bond Hearing Order of IJ) at 2. Setting aside the fact that the IJ did not express that these reasons are why she reached her flight-risk determination in her initial order, even if she did, such reasons do not demonstrate a flight risk. *See Fletes-Velasquez v. Hernandez*, No. C26-1908, 2026 WL 1871890, at *3 (W.D. Wash. June 30, 2026) ("[t]he existence of a removal order, even when relief from removal is unlikely, cannot itself demonstrate 'flight risk.'"); *Garcia Miranda*, 2026 WL 1328227, at *4 (W.D. Wash. May 13, 2026) (explaining that an old "unlawful entry" has little, if any, bearing on a noncitizen's "flight risk today" given deep family and community ties). In fact, "most individuals entitled to bond hearings under § 1226(a) lack lawful status, underscoring that this is not a valid basis for denying bond." *Garcia Miranda*, 2026 WL 1328227, at *4.

Next, Respondents argue that Petitioner can be detained simply because she is in ongoing removal proceedings is contrary to established law. Dkt. No. 4 at 8. The Supreme Court has held that due process requires civil detention in removal proceedings be used to prevent danger to the community or flight risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025) (rejecting "any suggestion that government agents may sweep up any person they wish and hold that person without

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 11

consideration of dangerousness or flight risk" as "offen[sive to] the ordered system of liberty that is the pillar of the Fifth Amendment." (citation modified); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) ("Civil immigration detention is permissible only to prevent flight or protect against danger to the community[.]").

In sum, the IJ abused her discretion by misapplying the legal standard to the evidence presented to her. The IJ reached a conclusion untethered to the evidence before her and erred as a matter of law in finding Petitioner poses a flight risk and in denying her bond. Because of this, the proceeding was fundamentally deficient, and Petitioner was denied due process of law. *See Soto Gimenez*, 2026 WL 1156075, at *6 ("Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or nonexistent governmental interest in continued detention without adequate process, courts in this and other districts have found due process violations where IJs abuse discretion in bond determinations." (collecting cases)). Accordingly, the Court finds that Petitioner is currently in custody in violation of the laws or Constitution of the United States and is entitled to habeas relief.

**3.    Appropriate Remedy**

District courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Soriano*, 830 F. Supp. 3d at 1081. As stated, because the IJ failed to apply the correct legal standard, the proceeding was fundamentally deficient, and Petitioner was denied due process of law. In line with other courts in this District, and given the present circumstances, "the Court finds no basis for Petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy." *Id.*; *see also Corona Saldana*, 2026 WL 1533019, at *5–6 (finding IJ abused discretion by denying bond and ordering petitioner to be released); *Loya Medina*, 2026 WL 1260848, at *8–9 (same); *Vasquez Lopez,* 830 F. Supp. 3d at 1103 (same). Accordingly, the Court ORDERS Petitioner's immediate release.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 12

**D.    Request to Bar Wrist or Ankle Monitor**

Petitioner requests, without providing any briefing on the issue, that this Court order that Respondents be barred from releasing Petitioner with an ankle or wrist monitor. Dkt. No. 1 at 24. This request is functionally one of injunctive relief. There are standards a moving party must meet to be granted injunctive relief, none of which Petitioner addresses. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (establishing factors for entitlement to injunctive relief); *City & County of San Francisco v. Trump*, 897 F.3d 1225, 1243 (9th Cir. 2018); *see generally* Dkt. No. 1. Therefore, Petitioner's request is DENIED.

## IV.    CONCLUSION

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1)    Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them:

(a)    SHALL release Petitioner from detention **within twenty-four (24) hours** of this Order under appropriate conditions of release;

(b)    SHALL submit to the Court, **within forty-eight (48) hours** of Petitioner's release from detention, a declaration or status report confirming that Petitioner has been released from custody and informing the Court of the date and time of her release.

(2)    Upon Petitioner's release, Respondents must return to Petitioner any personal property, including personal identification documents, other than a passport, and employment authorization documents.[5]

---

[5] Respondents make no reference to this request of Petitioner's; therefore, they make no argument against such a request. *See generally* Dkt. No. 4.

(3)    Petitioner's request that this Court order that Respondents are barred from releasing Petitioner with an ankle or wrist monitor is DENIED.

(4)    Any motion requesting fees should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The Court strongly encourages the Parties to meet and confer prior to the filing of any such motion.

Dated this 6th day of August, 2026.

Tana Lin
United States District Judge

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 14